SANSON *v.* MARTIN.

(Division B.    Jan. 16, 1939.)

[185 So. 576.    No. 33432.]

**J. M. Travis,** of Meridian, for appellant.

**H. L. Finch,** of Laurel, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellee sued appellant in the circuit court of Jasper county on a promissory note for $800, which provided for interest and attorney's fee in case it was collected through the instrumentality of an attorney. There was a judgment for appellee in the sum of $1306, from which judgment appellant prosecutes this appeal.

In the declaration the amount sought to be recovered was laid at $1200, while, as stated, the recovery was for $1306. For that reason, appellant claims the judgment is void. The true amount due on the note at the time of the judgment was $1306, the sum for which judgment was rendered. That fact is not controverted. A copy of the note sued on was attached to and made a part of the declaration. Appellant could not have been misled as to the amount sued for. It was apparent at once from the pleading that $1200 was not the amount sued for, but the amount of the recovery, $1306.

Appellant plead that the note sued on for $800 was not his act and deed; that it should have been for $500 instead. Appellee testified, and his evidence was undisputed, that he drew up the note and deed of trust to secure the same, and that the amount was $800, not $500; that he turned them over to appellant to be executed by

him before a notary public; that he took them for that purpose and in due time returned and delivered them to appellee apparently properly executed. That was all the testimony on the question. There was no issue left for the jury.

The note was secured by a deed of trust on a horse and wagon. Appellee foreclosed the deed of trust as to the horse alone, which brought $40, and that amount was credited on the note. He declined to foreclose it as to the wagon for reasons undisclosed. Appellant contends suit could not be brought on the note until remedy by foreclosure had been exhausted; that there could be no foreclosure in part and suit for the deficiency; that the two remedies could not be resorted to in that manner— that they are inconsistent and resort to one excludes the other. There is no merit in that contention. A mortgagee may foreclose in whole or in part and sue for any deficiency, or he may elect to decline to foreclose to any extent and bring suit for the mortgage indebtedness. Neither course waives the other.

Affirmed.